UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS KLAASSEN, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-2561-DDC |
| ) | |
| THE UNIVERSITY OF KANSAS ) | |
| SCHOOL OF MEDICINE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

On June 17, 2015, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, K. Gary Sebelius, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, Jeremy K. Schrag. Defendant appeared through counsel, Anthony F. Rupp, Tara S. Eberline, and Sara L. Trower.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| **Event** | **Deadline/Setting** |
| Plaintiff's settlement proposal | 10/16/15 |
| Defendant's settlement counter-proposal | 10/30/15 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | N/A |
| Mediation completed | 11/30/15 |
| Supplementation of initial disclosures | 2/19/16 |
| All discovery completed | 3/31/16 |
| Experts disclosed by plaintiff | 11/30/16 |
| Experts disclosed by defendant | 2/4/16 |
| Rebuttal experts disclosed | 3/7/16 |
| Physical and mental examinations | N/A |
| Jointly proposed protective order submitted to court | Previously entered |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | N/A |
| Motions to dismiss | 6/30/15 |
| Motions to amend | N/A |
| All other potentially dispositive motions (e.g., summary judgment) | 6/17/16 |
| Motions challenging the admissibility of expert testimony | 42 days before trial |
| Comparative fault identification | N/A |
| Proposed pretrial order due | 4/13/16 |
| Pretrial conference by phone | 4/20/16 at 9:30 a.m. |
| Trial | 2/7/17 at 9:00 a.m. |

**1.       Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation.   Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **October 16, 2015.** Defendant must make a good-faith counter-proposal by **October 30, 2015.**   Absent further order of the court, mediation must be held no later than **November 30, 2015.**   An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2.       Discovery.**

a.       The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). The parties have exchanged written discovery in a related case captioned *Klaassen v. University of Kansas*, No. 14-CV-607, currently pending in Wyandotte County, Kansas. To the extent the information has not already been exchanged pursuant to discovery requests in the state court case, the parties have agreed that, without the need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures will be exchanged or made available for inspection and copying by **June 29, 2015.**   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served by **February 19, 2016,** approximately 40 days before the deadline for completion of all discovery. The supplemental disclosures served approximately 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.

The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

      b.      All discovery must be commenced or served in time to be completed by **March 31, 2016.**

      c.      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **November 30, 2015,** and by defendant by **February 4, 2016;** disclosures and reports by any rebuttal experts must be served by **March 7, 2016.**   The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.   These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.   If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      d.      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

  e. Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

> The parties have taken active steps to preserve discoverable ESI. Plaintiff is using a vendor to handle the discovery of ESI. Defendants have imaged the e-mail accounts of certain relevant witnesses. The parties agree that ESI will typically be produced in PDF format with all produced documents bates labeled, and that the producing party will preserve the native format documents. If a party believes that metadata from a specifically identified document or set of documents is relevant to the litigation, the requesting party will request a native-format copy of the document(s) by bates number or otherwise. The parties will confer in good faith regarding the availability of any requested ESI and the expenses associated with the production of such information. If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence of such information and the expenses associated with confirming the existence or nonexistence of such information.

  f. Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that inadvertent production of privileged material does not waive the attorney-client privilege or work-product immunity. If the producing party discovers that it inadvertently produced any information subject to the attorney-client privilege or work-product immunity doctrine, the producing party shall inform the receiving party of such inadvertent disclosure and the receiving party shall promptly return the privileged material to counsel for the producing party. If there is a disagreement regarding the privilege or protection, the information shall be segregated and maintained confidentiality by the receiving party until the Court rules on the producing party's claim regarding the privilege or protection.

  g. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

      i. The parties stipulate to the foundation (but not to relevance or admissibility) of documents exchanged by the parties in discovery, except to the extent those documents were obtained from third-parties.

      ii. The parties stipulate that documents produced and discovery completed in any of Plaintiff's three pending lawsuits against KU (this case, Wyandotte County Case No. 14-CV-603, and Wyandotte County Case No. 2015-CV-78) may be used in this lawsuit.

      iii. Documents will be produced on a rolling basis.

      iv. Exhibits will be numbered sequentially.

    h. No party may serve more than **25** interrogatories, including all discrete subparts, on any other party.

    i. No party may serve more than **25** requests for admissions, including all discrete subparts, on any other party.   This numerical limit does <u>not</u> apply to requests to admit the genuineness of any described document.

    j. No more than **10** depositions may be taken by plaintiff, and no more than **10** depositions may be taken by defendants collectively. Each deposition must be limited to **4** hours except the deposition of the plaintiff will be limited to **14** hours (divided into two 7-hour days), and the depositions of the currently named defendants will be limited to **7** hours each. All depositions must be governed by the written guidelines that are available on the court's website: *http://www.ksd.uscourts.gov/deposition-guidelines/*.

    k. The court has already entered a Protective Order (ECF No. 119).

    l. The parties consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

6

      m.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.  Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

      a.      Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **June 30, 2015.**

b. The parties do not intend to file any motions for leave to join additional parties or to otherwise amend the pleadings.

c. All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **June 17, 2016.**

d. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed 42 days before trial.

f. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for

good cause shown.  Otherwise, the objection to the default, response, answer, or objection is waived.  *See* D. Kan. Rule 37.1(b).

h. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(c).

i. The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.     Pretrial Conference, Trial, and Other Matters.**

a. The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b.  Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **April 20, 2016, at 9:30 a.m.;** this pretrial conference will be conducted by telephone unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person.  **<u>Participants shall call (785) 338-5499 at the scheduled time.</u>**  Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **April 13, 2016,** defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.  It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

      c.      The parties expect the trial of this case to take approximately **10** trial days.   This case is set for trial on the court's docket beginning on **February 7, 2017, at 9:00 a.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.   Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

      d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

      e.      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website: *http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 18th day of June, 2015, at Topeka, Kansas.

                                                s/ K. Gary Sebelius
                                                K. Gary Sebelius
                                                U.S. Magistrate Judge