IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS KLAASSEN, Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-2561-DDC |
| | ) |
| BARBARA ATKINSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Motion for Leave to Amend Complaint (ECF No. 183). Defendants oppose the motion on multiple grounds. Because plaintiff did not move to amend until nearly four months after discovering the information giving rise to the proposed claims and because plaintiff has not provided an adequate reason for the delay, the court holds that plaintiff has unduly delayed. Plaintiff's undue delay in seeking to amend would also cause defendants undue prejudice in that plaintiff filed his motion at the end of discovery, leaving defendants without an opportunity to take discovery on these new theories. Because the court denies the motion on the basis of undue delay and undue prejudice,[1] the court declines to consider defendants' other arguments in opposition to the motion.

---

[1] The undersigned has previously issued report and recommendations to the district judge when a motion to amend is to be denied on the basis of futility. In this case, however, the court denies the motion on the basis of undue delay and undue prejudice. "[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend for reasons other than futility is a nondispositive order." *Sprint Commc'ns Co. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D. Kan. Feb. 14, 2014) (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011)); *see also Sprint Commc'ns v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2015 WL 1204975, at *1 (D. Kan. Mar. 17, 2015) (construing the magistrate judge's denial of a motion to amend as a nondispositive order and reviewing the order under a clearly-erroneous-or-contrary-to-law standard); *Torres v. Cintas Corp.*, No. 08-185-CVE-TLW, 2009 WL 3855733, at *1 (N.D. Okla. June 30, 2009) (collecting cases and noting that, "An overwhelming majority of courts that have considered the issue have ruled that a motion to amend a complaint is non-case dispositive and, thus, subject to the clearly erroneous or contrary to law standard of review when originally decided by a magistrate judge"). In an unreported opinion, the Tenth Circuit has also noted that a magistrate judge's denial of a motion to amend was "a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. §

## I.     Background

On October 31, 2013, plaintiff, a longtime tenured medical professor, filed suit against the University of Kansas Medical Center (KUMC) and various high-ranking KUMC officials in their individual and official capacities. He alleges defendants retaliated against him—including eventually terminating his employment—after he criticized KUMC and certain KUMC officials for alleged financial mismanagement, misuse of grant funds, and other misconduct. Plaintiff asserts multiple claims against various defendants, including a First Amendment retaliation claim, procedural and substantive due process claims, and various state law claims. After the district judge resolved multiple motions to dismiss, two motions to amend, and a motion for reconsideration/clarification of the district judge's order on the motions to dismiss, the undersigned conducted a scheduling conference on June 17, 2015. During the scheduling conference, the parties informed the court that they did not intend to file any motions for leave to join additional parties or to otherwise amend the pleadings.[2] Because of this, the scheduling order does not impose a specific deadline for motions to amend.

More than two months after the scheduling conference, on August 25, 2015, plaintiff served his First Request for Production of Documents.[3] After defendants sought, and were granted, a 10-day extension of time to respond to the discovery requests, they served plaintiff with their responses on October 8, 2015,[4] and apparently served a privilege log shortly thereafter,

---

636(b)(1)(A)." *Franke v. ARUP Labs., Inc.*, 390 Fed. App'x 822, 828 (10th Cir. 2010). For these reasons, the magistrate judge denies the motion rather than issuing a report and recommendation to the district judge.

[2] *See* Scheduling Order at 8, ECF No. 125-1.

[3] *See* Mot. for Extension of Time to File Resp. at 1, ECF No. 128.

[4] *See* Notice of Service, ECF No. 133.

2

on October 13, 2015.[5] Plaintiff argues that the privilege log put him on notice for the first time of facts giving rise to additional alleged due process violations. Plaintiff states that the privilege log shows that Sara Trower, associate general counsel for the University of Kansas and a defense attorney of record in this action, engaged in *ex parte* communications with the defendant decision-makers, Drs. Douglas Girod and Steven Stites, during the time Ms. Trower was acting as a prosecutor in the due process hearings. Plaintiff seeks to assert that Ms. Trower's alleged actions as both a prosecutor and judicial advisor violated his procedural due process rights.

On November 16, 2015, plaintiff filed a motion to compel, asking the court to order defendants to produce the documents identified on their privilege log.[6] In the briefing on the motion to compel, plaintiff argues that the documents are relevant to the issue of Ms. Trower's alleged actions during plaintiff's due process hearings, a legal theory that plaintiff had yet to plead. Plaintiff's memorandum in support of the motion states that, "[Plaintiff] intends to ask this Court for permission to amend his Complaint to seek relief based on his newly discovered grounds—Trower's role as both advocate and judicial advisor."[7] Yet, plaintiff waited until February 8, 2016, to file his motion to amend. General discovery closed on March 31, 2016,[8] the day before this motion became fully briefed.[9]

Plaintiff's motion to amend seeks leave to file a fourth amended complaint that adds Ms. Trower as a defendant and asserts additional due process claims. Specifically, plaintiff seeks to

---

[5] *See* Mem. in Supp. of Mot. for Leave to Amend Compl. at 2, ECF No. 184.

[6] *See* Mot. to Compel Regarding Defs.' Privilege Log, ECF No. 136.

[7] Mem. in Supp. of Mot. to Compel Regarding Defs.' Privilege Log at 3, ECF No. 137.

[8] *See* Scheduling Order at 3, ECF No. 125-1. The court recognizes that there are pending motions to compel before it and that it also extended the deadline for responses and objections to certain discovery requests.

[9] *See* Reply Mem. in Supp. of Mot. for Leave to Amend Compl., ECF No. 220 (dated Apr. 1, 2015).

amend Count 3 of his Third Amended Complaint to allege that: (1) Ms. Trower violated his procedural due process rights in connection with the November 13, 2013 hearing; (2) to elaborate on the manner in which Dr. Girod violated his procedural due process rights in connection with the November 13, 2013 hearing; and (3) to allege that the decision to terminate plaintiff and deprive him of his property interest resulted from a flawed process. Plaintiff also seeks to add Count 8, which alleges: (1) that Ms. Trower violated plaintiff's procedural due process rights in connection with the May 12, 2012 hearing; (2) that Dr. Stites violated his procedural due process rights in connection with the May 12, 2012 hearing; and (3) to allege that the decision to discipline and ultimately terminate him and deprive him of his property interest resulted from a flawed process.

## II.  Discussion

When leave of the court is required under Rule 15(a), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[10] "The court should freely give leave when justice so requires."[11] Defendants oppose the motion to amend on all of the grounds stated, two of which the court addresses below.

### A. Undue Delay

When considering whether a party has unduly delayed, the Tenth Circuit has directed that the court should focus primarily on the reasons for the delay.[12] For example, if the movant was

---

[10] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager*, *Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

4

or should have been aware for some time of the facts on which the amendment is based, the court may properly deny leave to amend.[13] Moreover, the longer the delay, the more likely the court will deny the motion.[14] Undue delay alone is a sufficient reason to deny leave to amend.[15]

By plaintiff's own account, he first learned of the facts giving rise to his proposed amendments on October 13, 2015,[16] nearly four months before filing his motion to amend on February 8, 2016. A four-month delay is a significant delay. For one, the parties represented during the scheduling conference that they did not anticipate any further amendments to the pleadings, which is why the scheduling order does not contain a specific deadline for amendments. Had the undersigned imposed a deadline for amendments, the deadline would have fallen well before February 8, 2016, as it is not the court's practice to invite motions to amend that are filed the month before discovery is set to close. In other words, the scheduling order's omission of a deadline was in no way an invitation for the parties to move to amend at their convenience.

Most importantly, plaintiff fails to provide an adequate reason for the delay. He argues that he made his intentions to amend known in November 2015, when he filed his motion to compel. The relevant inquiry, however, is not whether plaintiff delayed in making his intentions to amend known but whether plaintiff unduly delayed in actually seeking to amend. If anything, plaintiff's motion to compel demonstrates that plaintiff was capable of filing his motion to

---

[13] *Id.*

[14] *Id.* at 1205.

[15] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay[.]").

[16] *See* Mem. in Supp. of Mot. for Leave to Amend Compl. at 2, ECF No. 184.

amend at least by the time he moved to compel. In the motion to compel, plaintiff articulates the legal theory he plans to pursue, and he argues he is entitled to discovery on that theory. Although plaintiff states that he required additional time to analyze potential qualified immunity defenses before filing § 1983 pleading, this did not stop him from asking the court to compel discovery aimed at the very issues asserted in his proposed amended complaint. Moreover, plaintiff fails to explain why evaluating potential qualified immunity defenses would take nearly four months.

Plaintiff also states that during December and January, his counsel was dealing with counsel's father-in-law's recent cancer diagnosis. While the court is sympathetic to the need to assist with a family member's serious medical condition, this does not explain why plaintiff failed to move to amend in October or November, particularly when there are two attorneys of record representing plaintiff. Moreover, plaintiff's opening brief notes that in the time between receiving defendants' privilege log and moving to amend, plaintiff continued to diligently prosecute his case, including: defending the two-day deposition of plaintiff; deposing Dr. Girod, continuing to address ongoing discovery disputes, procuring and submitting an expert report, and receiving and reviewing supplemental discovery responses.[17] Again, this supports a finding that plaintiff could have moved to amend at the time he learned of the facts giving rise to his proposed amendments. For these reasons, the court finds plaintiff unduly delayed in seeking to amend.

### B. Undue Prejudice

Undue delay without a showing of undue prejudice is a sufficient basis to deny a motion for leave to amend.[18] In this case, however, the court also finds that defendants would be unduly

---

[17] Mem. in Supp. of Mot. for Leave to Amend Compl. at 6, ECF No. 184.

[18] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 512 (D. Kan. 2007).

prejudiced were the court to grant plaintiff's motion. "Undue prejudice and undue delay are closely related."[19] Undue prejudice means undue difficulty in prosecuting or defending a suit as a result of a change of tactics or theories.[20] This typically occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise additional factual issues.[21]

Although plaintiff's proposed amendments arguably concern the same factual matter—his due process hearings—they raise significant additional factual issues because they involve a proposed new defendant, who also happens to be an attorney of record in this action. Since November, plaintiff has attempted to compel discovery aimed at the theory of Ms. Trower's alleged role during his due process hearings. Defendants, on the other hand, have not had an opportunity to take discovery on plaintiff's proposed amendments because plaintiff did not move to amend until the month before discovery was set to close. Allowing plaintiff to amend at this late date would prejudice defendants in that general discovery is now closed, and they have not had an opportunity to gather information to defend against plaintiff's proposed amendments. For these reasons, the court finds that defendants would be unduly prejudiced were the court to allow plaintiff to amend. Because plaintiff has unduly delayed in seeking to amend and because defendants would be unduly prejudiced were the court to allow plaintiff to amend, the court denies plaintiff's motion.

Accordingly,

---

[19] *United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008).

[20] *Minter*, 451 F.3d at 1208.

[21] *Id.*

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Complaint (ECF No. 183) is denied.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
