**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CURTIS KLAASSEN, Ph.D.                    )
        Plaintiff,          )
               )
v.                                                           )  Case No.:  13-CV-2561
               )
BARBARA ATKINSON, et al.,                  )
               )
        Defendants.       )

**ANSWER OF DEFENDANTS TO PLAINTIFF'S**
**THIRD AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendants, by and through counsel, deny each and every allegation of Plaintiff's Third Amended and Supplemental Complaint not specifically admitted herein, and further answer as follows:

1.  Answering paragraph 1, Defendants admit that Plaintiff purports to make the allegations set forth in paragraph 1.  The factual basis for the allegations is denied.

2.  Answering paragraph 2, Defendants admit that the Plaintiff purports to make the allegations set forth in paragraph 1.  The factual basis for the allegations is denied.

3.  The allegations of paragraph 3 are denied.

4.  The allegations of paragraph 4 are denied.

5.  Answering paragraph 5, Defendants state that, if the court otherwise has subject matter and supplemental jurisdiction, then this court is an appropriate venue for the cause of action.

## THE PARTIES

6.     Answering paragraph 6, Defendants state that Plaintiff is a Kansas resident and was a tenured professor employed by the University of Kansas, and assigned to the campus known as the Kansas University Medical Center.

7.     Answering paragraph 7, Defendants admit that the University of Kansas is a state-supported educational institution.  The University of Kansas School of Medicine is an academic unit within the University of Kansas.  It is neither a person nor a legal entity capable of being sued.  "Kansas University Medical Center" is terminology used to describe the Kansas City, Kansas campus of the University of Kansas. It is neither a person nor a legal entity capable of being sued.

8.     Answering paragraph 8, Defendants admit that Barbara Atkinson was the Dean and Executive Vice Chancellor of KUMC from 2001 until April 2012.  The remaining allegations of paragraph 8 are denied.

9.     Answering paragraph 9, Defendants admit that Douglas Girod is the current Executive Vice Chancellor of KUMC.  The remaining allegations of paragraph 9 are denied.

10.     Answering paragraph 10, Defendants admit that Gerald Carlson is a professor and chair of the Department of Biochemistry and Molecular Biology for KUMC.  The remaining allegations of paragraph 10 are denied.

11.     Answering paragraph 11, Defendants admit that Paul Terranova was a professor and Vice Chancellor for Research in the Department of Molecular and Integrative Physiology for KUMC.  The remaining allegations of paragraph 11 are denied.

12.     Answering paragraph 12, Defendants admit that Bruno Hagenbuch is a professor at KUMC, and that he works in the Pharmacology, Toxicology & Therapeutics Department at KUMC.  The remaining allegations of paragraph 12 are denied.

13.     Answering paragraph 13, Defendants admit that Gregory Kopf was a professor, Associate Vice Chancellor for Research Administration, and Executive Director of KUMC Research Institute until November 2013.  The remaining allegations of paragraph 13 are denied.

14.     Answering paragraph 14, Defendants admit that Steven Stites is a professor and that he is also the Vice Chancellor for Clinical Affairs at KUMC, and that he served as interim Dean and Executive Vice Chancellor following Atkinson's resignation and was also formerly Chair of the Department of Internal Medicine.  The remaining allegations of paragraph 14 are denied.

15.     Answering paragraph 15, Defendants admit that Harmut Jaeschke is a professor and Chair of the Pharmacology, Toxicology and Therapeutics Department at KUMC.  The remaining allegations of paragraph 15 are denied.

16.     The allegations of paragraph 16 are admitted.

17.     The allegations of paragraph 17 are admitted.

18.     The allegations of paragraph 18 are admitted.

19.     The allegations of paragraph 19 are denied as stated.

**FACTS**

20.     The allegations of paragraph 20 are admitted.

21.     The allegations of paragraph 21 are admitted.

22.     Answering paragraph 22, Defendants admit that Plaintiff served as President of the Society of Toxicology and the International Union of Toxicology and as an editor and researcher as listed.  The remaining allegations of paragraph 22 require no response.

23.     Answering paragraph 23, Defendants state that The University of Kansas, as a major, comprehensive research institution, seeks and obtains federal grant funding to support its research work done by its faculty.  Plaintiff, in his capacity as a KUMC faculty member, submitted grant proposals to the National Institutes of Health as a principal investigator over the course of his faculty career at the University of Kansas. The remaining allegations are denied.

24.     The allegations of paragraph 24, which state a legal conclusion rather than a factual assertion, are denied as stated.

25.     Answering paragraph 25, Defendants admit that Plaintiff, in his capacity as a KUMC faculty member, served as the principal investigator on NIH grants awarded to the grantee University of Kansas on multiple occasions.  The remaining allegations are denied.

26.     Answering paragraph 26, Defendants state that The University of Kansas, as a major, comprehensive research institution, seeks and obtains federal grant funding to support the research work done by its faculty.  Defendants admit that Plaintiff, in his capacity as a KUMC faculty member, submitted grant proposals to the National Institutes of Health as a principal investigator over the course of his faculty career.  The obligations of the principal investigator are more fully set forth in each grant.  The remaining allegations are denied.

27.     Answering paragraph 27, Defendants admit there is a relationship between grants and faculty compensation, but deny the allegations as stated.

28.     The allegations of paragraph 28 are admitted.

29.     The allegations of paragraph 29 are denied as stated.

4

30.     The allegations of paragraph 30 are admitted.

31.     Answering paragraph 31, Defendants state that the COBRE grant was received by KUMC and that Plaintiff was initially the principal investigator on such grant.  Defendants admit that Plaintiff is no longer assigned as the principal investigator.  Defendants deny the remaining allegations of paragraph 31.

32.     Answering paragraph 32, Defendants state that the NIH grant titled Training Program Environmental Toxicology has been received by KUMC, and that Plaintiff was initially the principal investigator.  Defendants admit that Plaintiff is no longer the principal investigator on this grant.  Defendants deny the remainder of the allegations, including the allegations of any underhanded or tortious acts by Defendant.

33.     Answering paragraph 33, Defendants admit that KUMC received an NIH grant as referenced, and that Plaintiff, in his capacity as a KUMC faculty member, was initially the principal investigator.

34.     Answering paragraph 34, Defendants admit that KUMC received an NIH grant as referenced, and that Plaintiff, in his capacity as a KUMC faculty member, was initially the principal investigator.

35.     Answering paragraph 35, Defendants admit that KUMC received an NIH grant as referenced, and that Plaintiff, in his capacity as a KUMC faculty member, was initially the principal investigator.

36.     The allegations of paragraph 36 are admitted.

37.     Answering paragraph 37, Defendants admit that Plaintiff made multiple complaints about multiple topics.  Defendants are without knowledge or information as to the remaining allegations, and therefore the same are denied.

38.     Answering paragraph 38, Defendants admit that Plaintiff made multiple complaints, and that a meeting occurred on January 4, 2010. The remaining allegations are denied as stated.

39.     Answering paragraph 39, Defendants admit that a letter was sent by the Chancellor. The letter speaks for itself. The remaining allegations are denied.

40.     Answering paragraph 40, Defendants admit that meetings were held and that Plaintiff made allegations on multiple topics. The remaining allegations are denied.

41.     Answering paragraph 41, Defendants admit that Plaintiff, who served at the pleasure of the Executive Vice Chancellor, was removed from the position as Chair of the Toxicology/Pharmacology Department. Defendants deny any stigma associated with the removal of a "serve at the pleasure of" position. The remaining allegations of paragraph 41 are denied.

42.     Answering paragraph 42, Defendants admit that an evaluation occurred. The remaining allegations are denied as stated.

43.     Answering paragraph 43, Defendants deny the allegation that Plaintiff was "arbitrarily removed as Chair." Defendants admit that Gerald Carlson was appointed by Atkinson as the interim Chair of the Pharmacology/Toxicology Department.

44.     The allegations of paragraph 44 are denied, except that a portion of an e-mail contained the quoted language.

45.     The allegations of paragraph 45 are vague and conclusory and can neither be admitted nor denied.

46.     The allegations of paragraph 46 are denied as stated.

47.     The allegations of paragraph 47 are denied.

48.     The allegations of paragraph 48 are denied.

49.     The allegations of paragraph 49 are denied.

50.     Answering paragraph 50, Defendants admit that the COBRE grant was renewed.  The remaining allegations are denied.

51.     Answering paragraph 51 the allegations are denied as stated.

52.     Answering paragraph 52, Defendants admit the meeting took place, but deny the remaining allegations as stated.

53.     The allegations of paragraph 53 are denied.

54.     Answering paragraph 54, Defendants admit that Plaintiff was informed of the terms of his administrative leave and that those terms speak for themselves.  The remaining allegations of paragraph 54 are denied.

55.     Answering paragraph 55, Defendants admit that a letter was written, the terms of which speak for themselves.  The remaining allegations of paragraph 55 are denied.

56.     Answering paragraph 56, Defendants admit that Plaintiff was placed on administrative leave from November 1 to November 30, 2011. The remaining allegations of paragraph 56 are denied as stated.

57.     Answering paragraph 57, Defendants state that, while Plaintiff was on administrative leave, he was bound by the terms of the administrative leave.  The remaining allegations of paragraph 57 are denied as stated.

58.     Answering paragraph 58, Defendants state that, in accordance with the practices and procedures of the NIH, and with the approval of the NIH, the position of principal investigator was reassigned. The remaining allegations are denied.

59.     Answering paragraph 59, Defendants admit that a letter was written to the NIH requesting a change in the PI for the reasons set forth in the letter.  Defendants admit that the request was granted.  The remaining allegations are denied.

60.     Answering paragraph 60, Defendants admit that a letter was written to the NIH requesting a change in the PI for the reasons set forth in the letter.  Defendants admit that the request was ultimately granted. The remaining allegations are denied.

61.     Answering paragraph 61, Defendants admit that Plaintiff's administrative leave was extended.  The remaining allegations of paragraph 61 are denied as stated.

62.     Answering paragraph 62, Defendants admit that an investigation occurred, and that an inquiry report was completed, which speaks for itself.  The remaining allegations of paragraph 62 are denied.

63.     Answering paragraph 63, the inquiry report speaks for itself, and therefore the allegations are denied as stated.

64.     The allegations of paragraph 64 are denied.

65.     Answering paragraph 65, Defendants admit that Plaintiff's office assignment was changed and that certain arrangements were made consistent with the new office assignment.  The remaining allegations of paragraph 65 are denied as stated.

66.     Answering paragraph 66, Defendants admit that Plaintiff was advised of the change in designation of the principal investigator. The remaining allegations are incomplete and overbroad, and are therefore denied.

67.     Answering paragraph 67, Defendants admit that Plaintiff's office was reassigned.  The remaining allegations of paragraph 67 are denied as stated.

68.     The allegations of paragraph 68 are denied.

69.     Answering paragraph 69, Defendants admit that Plaintiff's laboratory assignment was changed.  The remaining allegations of paragraph 69 are denied.

70.     The allegations of paragraph 70 are denied as stated.

71.     Answering paragraph 71, Defendants admit that Plaintiff was informed of issues associated with his spending. The remaining allegations of paragraph 71 are denied.

72.     Answering paragraph 72, Defendants admit that certain students and staff met with certain KUMC representatives on January 25, 2012.  The remaining allegations of paragraph 72 are overbroad, and are therefore denied.

73.     Answering paragraph 73, Defendants state that Dr. S., whose circumstances were different from those of Dr. Klaassen, was investigated, disciplined, and ultimately terminated. The allegations of paragraph 73 are denied as stated.

74.     Answering paragraph 74, Defendants state that at some points during this timeframe, one or both of Dr. S. and Dr. Klaassen were members of the Pharm/Tox Department. The allegations of paragraph 74 are denied as stated.

75.     The allegations of paragraph 75 are denied as stated.

76.     The allegations of paragraph 76 are denied as stated.

77.     The allegations of paragraph 77 are denied as stated.

78.     Answering paragraph 78, Defendants admit that Plaintiff submitted complaints. The remaining allegations of paragraph 78 are denied.

79.     Answering paragraph 79, Defendants deny the allegations attributed to Defendant Tully.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 79, and therefore the same are denied.

80.     Answering paragraph 80, Defendants admit that a committee hearing was held on May 29, 2012, consistent with appropriate procedures.   There is a transcript of such hearing, and the transcript serves as a record of what occurred.  The remaining allegations are denied as stated.

81.     Answering paragraph 81, Defendants admit that Plaintiff requested three days to present his case at the May 29, 2012 hearing and that the hearing was limited to one day. The remaining allegations of paragraph 81 are denied.

82.     The allegations of paragraph 82 are denied as stated.

83.     Answering paragraph 83, Defendants state that the ad hoc committee issued recommendations that speak for themselves.

84.     Answering paragraph 84, Defendants admit that Plaintiff provided a written apology and was censured for unprofessional, abusive, disruptive, and unacceptable conduct.  The remaining allegations of paragraph 84 are denied.

85.     Answering paragraph 85, Defendants admit that Plaintiff complained about multiple topics. The remaining allegations of paragraph 85 are denied as stated.

86.     Answering paragraph 86, Defendants admit that certain individuals wrote to KUMC regarding access to laboratory equipment.  The remaining allegations of paragraph 86 are denied as stated.

87.     Answering paragraph 87, Defendants admit that Plaintiff sent an e-mail that speaks for itself.  The remaining allegations of paragraph 87 are denied as stated.

88.     Answering paragraph 88, Defendants admit that there were letters sent to Endowment donors to confirm their donative intent.  The remaining allegations of paragraph 88 are denied as stated.

89.     The allegations of paragraph 89 are admitted.

90.     Answering paragraph 90, Defendants admit that a meeting occurred. The remaining allegations are denied as stated.

91.     Answering paragraph 91, Defendants admit that a meeting occurred. The remaining allegations are denied as stated.

92.     The allegations of paragraph 92 are denied as stated.

93.     Answering paragraph 93, Defendants admit that Plaintiff was placed on administrative leave on May 8, 2013.  The remaining allegations of paragraph 93 are denied.

94.     Answering paragraph 94, Defendants admit that at the time of his second administrative leave, Plaintiff was serving as the PI on two grants.

95.     The allegations of paragraph 95 are denied as stated.

96.     The allegations of paragraph 96 are denied as stated.

97.     Answering paragraph 97, Defendants admit that, in accordance with the practices and procedures of the NIH, the University of Kansas and the NIH agreed to change the principal investigator on these grants as a result of the administrative leave applicable to Plaintiff.  The remaining allegations are denied as stated.

98.     Answering paragraph 98, Defendants admit that an ad hoc hearing was held on November 13, 2013, and at that hearing Plaintiff played a recording of the May 1, 2013, meeting he had secretly made.  There is a transcript of that hearing, and the transcript speaks for itself as the record of what occurred at that hearing.

99.     Answering paragraph 99, Defendants admit that Der. Klaassen's request for more than one day to present his defense was overruled. The remaining allegations are denied as stated.

100.    Answering paragraph 100, Defendants state that the recommendations of the committee speak for themselves. Defendants admit that Plaintiff was terminated from his employment effective January 24, 2014. The remaining allegations are denied as stated.

101.    The allegations of paragraph 101 are denied as stated.

102.    Answering paragraph 102, Defendants admit that Plaintiff appealed Dr. Girod's termination decision. The remaining allegations are denied as stated.

103.    Answering paragraph 103, Defendants admit that on December 23, 2014, Dr. Girod issued his decision accepting the ad hoc appeal committee's recommendation denying Plaintiff's appeal and recommending that the dismissal decision stand, and that Dr. Girod's decision letter stated that it was intended to serve as notice of final agency action.

104.    The allegations of paragraph 104 are admitted.

105.    Answering paragraph 105, Defendants state that on November 28, 2016, the Wyandotte County District Court found in favor of the University of Kansas and against Dr. Klaassen on Dr. Klaassen's KJRA appeal. Dr. Klaassen's challenges to such procedures are an improper collateral attack on the findings of the Wyandotte County District Court. The remaining allegations of paragraph 105 are admitted.

106.    The allegations of paragraph 106 are admitted.

107.    Answering paragraph 107, Defendants deny the allegations as stated. Defendants state that on November 28, 2016, the Wyandotte County District Court found in favor of the University of Kansas and against Dr. Klaassen on Dr. Klaassen's KJRA appeal. Dr. Klaassen's challenges to such procedures are an improper collateral attack on the findings of the Wyandotte County District Court.

108.     Answering paragraph 108, Defendants state that a letter was sent to Dr. Klaassen on October 20, 2015, consistent with the direction of the Wyandotte County District Court. The remaining allegations are denied.

109.     Answering paragraph 109, Defendants admit that Dr. Klein sent Dr. Klaassen letter, which speaks for itself. Defendants deny the remaining allegations of paragraph 109.

110.     The allegations of paragraph 110 are denied as stated.

111.     Answering paragraph 111, Defendants admit that Plaintiff objected to the remand hearing, but deny the remaining allegations in paragraph 111.

112.     The allegations of paragraph 112 are denied as stated.

113.     Answering paragraph 113, Defendants deny that Dr. Klaassen "was not allowed to call" the identified witnesses. Defendants admit that Plaintiff's counsel is not permitted to directly contact named parties who are represented by counsel. Defendants deny the remaining allegations in paragraph 113.

114.     Answering paragraph 114, Defendants admit that the appeal committee recommended on April 8, 2016, that Plaintiff's termination be affirmed. Defendants deny the remaining allegations of paragraph 114.

115.     The allegations of paragraph 115 are admitted.

116.     Answering paragraph 116, Defendants state that the Faculty Handbook speaks for itself.

117.     Answering paragraph 117, Defendants admit that Dr. Gray-Little sent Dr. Klaassen "Final Agency Action Notice," affirming his termination. Defendants deny the remaining allegations of paragraph 117 as stated.

## CAUSES OF ACTION

### COUNT 1:  FIRST AMENDMENT RETALIATION

118.    Answering paragraph 118, Defendants adopt and incorporate their responses to paragraphs 1 through 117 above, as if they were fully set forth herein.

119.    The allegations of paragraph 119 are denied.

120.    The allegations of paragraph 120 are denied.

121.    The allegations of paragraph 121 are denied.

122.    The allegations of paragraph 122 are denied.

123.    The allegations of paragraph 123 are denied.

124.    The allegations of paragraph 124 are denied.

125.    The allegations of paragraph 125 are denied.

126.    The allegations of paragraph 126 are denied.

127.    The allegations of paragraph 127 are denied.

128.    The allegations of paragraph 128 are denied.

129.    The allegations of paragraph 129 are denied.

130.    The allegations of paragraph 130 are denied.

131.    The allegations of paragraph 131 are denied.

132.    The allegations of paragraph 132 are denied.

133.    The allegations of paragraph 133 are denied.

134.    The allegations of paragraph 134 are denied.

### COUNT 2:  PROCEDURAL DUE PROCESS TAKING OF NIH GRANTS

135.    Answering paragraph 135, Defendants adopt and incorporate their responses to paragraphs 1 through 134 above, as if they were fully set forth herein.

136.    The allegations of paragraph 136 are denied.

137.    The allegations of paragraph 137 are denied.

138.    Answering paragraph 138, Defendants admit that Dr. Girod and Dr. Atkinson occasionally removed tenured faculty members from their position as department chair. Defendants deny the remaining allegations of paragraph 138 as stated.

139.    The allegations of paragraph 139 are denied as stated.

140.    The allegations of paragraph 140 are denied as stated.

141.    The allegations of paragraph 141 are denied as stated.

142.    The allegations of paragraph 142 are denied. Dr. Klaassen remained PI on all grants at the time of his removal as chair of the Department of Pharmacology/Toxicology. Many months later, for different reasons, Dr. Klaassen's responsibilities as PI on those grants were removed with the approval of the NIH.

143.    The allegations of paragraph 143 are denied as stated.

144.    The allegations of paragraph 144 are denied.

145.    The allegations of paragraph 145 are denied.

146.    The allegations of paragraph 146 are denied.

147.    The allegations of paragraph 147 are denied.

148.    The allegations of paragraph 148 are denied.

149.    The allegations of paragraph 149 are denied.

150.    The allegations of paragraph 150 are denied.

151.    The allegations of paragraph 151 are denied.

152.    The allegations of paragraph 152 are denied.

153.    The allegations of paragraph 153 are denied.

154.    The allegations of paragraph 154 are denied.

155.    The allegations of paragraph 155 are denied.

### COUNT 3:  PROCEDURAL DUE PROCESS NOV. 13, 2013 HEARING

156.    Answering paragraph 156, Defendants adopt and incorporate their response to paragraphs 1 through 155 above, as if they were fully set forth herein.

157.    Answering paragraph 157, Defendants state that the transcript of the November 13, 2013, hearing speaks for itself.  The remaining allegations are denied as stated.

158.    Answering paragraph 158, the committee recommendations speak for themselves.

159.    Answering paragraph 159, the allegations are denied except that it is admitted that Plaintiff was terminated.

160.    The allegations of paragraph 160 are denied.

161.    The allegations of paragraph 161 are denied.

162.    The allegations of paragraph 162 are denied.

163.    The allegations of paragraph 163 are denied.

164.    The allegations of paragraph 164 are denied.

165.    The allegations of paragraph 165 are denied.

166.    The allegations of paragraph 166 are denied.

167.    The allegations of paragraph 167 are denied.

168.    The allegations of paragraph 168 are denied.

169.    The allegations of paragraph 169 are denied.

170.    The allegations of paragraph 170 are denied.

171.    The allegations of paragraph 171 are denied.

172.    The allegations of paragraph 172 are denied.

**COUNT 4:  SUBSTANTIVE DUE PROCESS: NOVEMBER 13, 2013 HEARING**

173.    Answering paragraph 173, Defendants adopt and incorporate their response to paragraphs 1 through 172 above, as if they were fully set forth herein.

174.    Answering paragraph 174, Defendants admit that Plaintiff served as a tenured professor at KU.  The remaining allegations of paragraph 174 are denied.

175.    The allegations of paragraph 175 are denied as stated.

176.    The allegations of paragraph 176 are denied.

177.    The allegations of paragraph 177 are denied.

178.    The allegations of paragraph 178 are denied.

179.    The allegations of paragraph 179 are denied.

180.    The allegations of paragraph 180 are denied.

181.    The allegations of paragraph 181 are denied.

182.    The allegations of paragraph 182 are denied.

183.    The allegations of paragraph 183 are denied.

**COUNT 5:  TORTIOUS INTERFERENCE**

184.    Answering paragraph 184, Defendants adopt and incorporate their response to paragraphs 1 through 183 above, as if they were fully set forth herein.

185.    Answering paragraph 185, Defendants state that Plaintiff served as principal investigator on multiple grants over the course of his career.  Defendants are without knowledge as to the specific average annual number of such grants and therefore deny the remaining allegations as stated.

186.    The allegations of paragraph 186 are denied.

187.    Answering paragraph 187, Defendants state that the allegations of paragraph 187 are overbroad and are therefore denied as stated.

188.    The allegations of paragraph 188 are denied.

189.    Answering paragraph 189, Defendants state that the allegations of paragraph 189 are overbroad and are therefore denied as stated.

190.    The allegations of paragraph 190 are denied.

191.    The allegations of paragraph 191 are denied.

192.    The allegations of paragraph 192 are denied.

## COUNT 6:  CONVERSION

193.    Answering paragraph 193, Defendants adopt and incorporate their response to paragraphs 1 through 192 above, as if they were fully set forth herein.

194.    Answering paragraph 194, Defendants admit that Plaintiff was provided with a KU computer and computer network resources to assist him in performing his faculty work in accordance with the Kansas Board of Regents policy, which provides that such university resources, "except in a purely incidental way, . . . may not be used in external activities unless written approval has been received in advance." On February 20, 2014, Plaintiff was provided 2,903 jpg/jpeg files, which appeared to be personal and family pictures he had saved on the KU computer. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194, and therefore the same are denied.

195.    Answering paragraph 195, on February 11, 2014, movers hired by the University delivered to Plaintiff's home 20 moving cartons of personal property from his University office, which included:  books, a KU basketball, a jade wagon, small pictures, an iron tea set, multiple paper weights, multiple glass decorations, a Geisha girl in glass, wood statues, a china and tea

set, multiple awards and statues, decorations, framed pictures, and a brass plaque. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195, and therefore the same are denied.

196.    The allegations of paragraph 196 are denied.

197.    The allegations of paragraph 197 are denied.

198.    The allegations of paragraph 198 are denied.

199.    The allegations of paragraph 199 are denied.

## COUNT 7:  TORTIOUS INTERFERENCE WITH CONTRACT

200.    Answering paragraph 200, Defendants adopt and incorporate their response to paragraphs 1 through 199 above, as if they were fully set forth herein.

201.    The allegations of paragraph 201 are admitted.

202.    Answering paragraph 202, Defendants provided Plaintiff with a hearing before a faculty ad hoc hearing committee consistent with the handbook. The remaining allegations are denied.

203.    Answering paragraph 203, Defendants state that both KUMC and Plaintiff presented evidence at the administrative hearing before the faculty ad hoc hearing committee.

204.    Answering paragraph 204, Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 204, and therefore the same are denied.

205.    The allegations of paragraph 205 are denied.

206.    The allegations of paragraph 206 are denied.

207.    The allegations of paragraph 207 are denied.

208.    The allegations of paragraph 208 are denied.

**AFFIRMATIVE DEFENSES**

Further answering, and in defense of Plaintiff's claim, Defendants state as follows:

1.      Plaintiff's Third Amended and Supplemental Complaint fails to state a claim upon which relief can be granted.

2.      The Third Amended and Supplemental Complaint does not and cannot provide a basis for liability against the Individual Defendants in their official capacities.

3.      Pursuant to K.S.A. 77-606, the Kansas Judicial Review Act establishes the exclusive means of judicial review of agency action.  Plaintiff has filed an action for judicial review in the District Court of Wyandotte County, Kansas, Case No. 2015-CV-78. That action was decided in favor of the University of Kansas on November 28, 2016 at a hearing in which the Court found that the University did comply with the Wyandotte County District Court's remand order and that the University's agency action should be affirmed. Any further challenge to whether the University complied would be a collateral attack on the Kansas process for judicial review, and should be dismissed.

4.      The federal court should abstain from any action involving the issues pending in the Kansas Judicial Review Act case brought by Plaintiff regarding these same issues.

5.      Liability on 42 U.S.C. § 1983 may not be based on respondeat superior.

6.      The Individual Defendants are entitled to qualified immunity because the Individual Defendants did not act in knowing violation of the law, and the Individual Defendants were not plainly incompetent.

7.      The Third Amended & Supplemental Complaint does not state a "wrongful associational retaliation" claim.

8.      The Third Amended & Supplemental Complaint does not set forth a basis for a claim for tortious interference.

9.      The Third Amended & Supplemental Complaint's tortious interference claims fail because of the lack of actual malice.

10.     The Third Amended & Supplemental Complaint's tortious interference claims fail because all actions taken by Defendants, or any of them, were justified.

11.     Plaintiff's claim for conversion fails because Plaintiff does not own the property he claims was converted, because Plaintiff failed to sufficiently identify his personal property in his demand, because Defendant returned Plaintiff's personal property, and because Plaintiff has unclean hands.

12.     Plaintiff's conversion claim was dismissed by stipulation and is no longer pending in this case.

13.     Defendants are immune from liability under the Kansas Tort Claims Act, K.S.A. 75-6104, et. seq.

14.     Plaintiff has failed to mitigate damages.

15.     The Individual Defendants are entitled to absolute immunity, including, but not limited, to their conduct of presiding over and/or testifying at any hearing.

16.     The two-year statute of limitations bars any claims arising before October 31, 2011.

17.     The Court should decline to exercise supplemental jurisdiction because Plaintiff's federal claims are all subject to dismissal.

18.     The Court lacks jurisdiction to hear Plaintiff's Complaint in whole or in part because the Kansas Judicial Review Act (KJRA), K.S.A. 77-606, et. seq. is the exclusive means of review of agency action.

19.     Plaintiff's claim for damages for conversion is barred or reduced by abandonment.

20.     Plaintiff's conversion claims in federal court are contradicted by Plaintiff's inconsistent and contrary claims in state court.

21.     Plaintiff's Third Amended & Supplemental Complaint asserts claims that were dismissed by the Court's order of February 3, 2015, including in Count I, paragraph 133, Plaintiff asserts official capacity claims against all Defendants.  The Court dismissed such claims against all Defendants other than Dr. Girod.

22.     On December 12, 2016, the Wyandotte County District Court granted judgment in favor of the University of Kansas in a case arising out of the same transactions and occurrences and seeking the same relief as this case. Plaintiff is attempting to improperly split a cause of action.

23.     Plaintiff's claims are barred by claim preclusion, issue preclusion, principles of res judicata, and the one action rule. In particular, on November 28, 2016, the Wyandotte County District Court ruled in favor of the University of Kansas on Plaintiff's Kansas Judicial Review Act Petition for Review, and on December 12, 2016, the Wyandotte County District Court ruled in favor of the University of Kansas on Plaintiff's claim for retaliatory discharge under Kansas common law. The relief sought in Plaintiff's retaliatory discharge case was precisely the same relief sought in this lawsuit, and Plaintiff identified one damages expert, who provided a single

damages report, for use in the retaliatory discharge case and this case. Plaintiff could have raised every claim in this case in that Wyandotte County lawsuit.

24.     Plaintiff has failed to exhaust administrative remedies.

WHEREFORE, having fully answered Plaintiff's Third Amended & Supplemental Complaint, Defendants pray for judgment in their favor and against Plaintiff, for their fees and expenses herein, and for such other relief as the court may deem appropriate.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: s/*Anthony F. Rupp*
  ANTHONY F. RUPP, KS #11590
  TARA S. EBERLINE, KS #22576
  32 Corporate Woods, Suite 600
  Overland Park, KS  66210
  (913) 498-2100
  (913) 498-2101  FAX
  Email:  trupp@foulston.com
  Email:  teberline@foulston.com

## CERTIFICATE OF SERVICE

     I hereby certify, on this 19th day of January, 2017, a true and correct copy of the above and foregoing was served by electronic mail via the US District Court Clerk to the following:

Alan L. Rupe, KS #08914
Jeremy K. Schrag, KS #24164
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Pkwy., Suite 150
Wichita, KS  67206
(316) 609-7900
(316) 462-5746 FAX
Email:  Alan.Rupe@LewisBrisbois.com
Email:  Jeremy.Schrag@LewisBrisbois.com
ATTORNEYS FOR PLAINTIFF


                    s/*Anthony F. Rupp*
                    ANTHONY F. RUPP